In the Matter of the Application of BLANCHE N. MACK, Petitioner, for Review of a Final Determination Made by MARK GRAVES and Others, as and Constituting the State Tax Commission, Respondents.— This is a proceeding, in the nature of a certiorari, under article 78 of the Civil Practice Act and the applicable provisions of the Tax Law to review a final determination of the State Tax Commission which denied petitioner's application for the refund of a portion of the income tax she had paid for the year 1936. The question is whether the annuity received by the petitioner in 1936 under a certain trust agreement, to the extent of three per cent of the consideration paid therefor, was properly included in the computation of her gross income, pursuant to section 359, subdivision 2, paragraph (b), of the Tax Law. The will was written by the testator himself and by it he directed payments from the day of his death to two daughters of $300 a month each and to a brother of $200. He gave to his wife a house and the contents of the same and the sum of $50,000 and directed that monthly payments of $2,500 should be paid to her from the date of his death during her life-

time. He gave $25,000 to his grandson and granddaughter each and the balance of his estate he gave to his daughter, Irene Mack Roos, by a former marriage. On the 14th day of February, 1929, an agreement was entered into between Irene Mack Roos and the Wells Fargo Bank & Union Trust Company as trustee and Blanche N. Mack, the petitioner, third party. By the agreement Irene Mack Roos transferred to the Wells Fargo Bank & Union Trust Company securities of the value of $310,779.30. The agreement recited that Irene Mack Roos desired by this instrument to have the said assets of the estate released from any claim or lien of the petitioner and the petitioner had consented, had agreed for the redisposition of the assets of the estate with the party of the first part, free and clear of any charge of the payment of any life annuity to her of $2,500 a month. The trustee was to hold, manage and control the trust property and invest and reinvest the same in such property as the trustee should deem fit and proper without being restricted to investments as authorized by law as trustees' investments. Under this agreement the petitioner was to receive $2,500 a month and $3,600 which was in addition to any sums bequeathed to her under the will; in case the trustee's assets were insufficient to produce the income and Irene Mack Roos refused to add to them within thirty days the trustee was authorized to invade the corpus for the purpose of paying the income. The payments received by the petitioner for which she seeks a refund of income taxes were not payments received under her husband's will but were payments received under an independent contract entered into between the petitioner's stepdaughter and herself and was an annuity contract involving a trust and fell within the purview of section 359, subdivision 2, paragraph (b), of the Tax Law and the final determination of the State Tax Commission should be confirmed. Determination unanimously confirmed, with fifty dollars costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.